UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

STEVE TUNGET,
    Plaintiff,

v.   No. 07-3099

THOMAS MONAHAN
and ANDERSON FREEMAN,
    Defendants.

MEMORANDUM OPINION AND ORDER

Before the court are the defendants, THOMAS MONAHAN and ANDERSON FREEMAN's summary judgment motion [25] and the plaintiff's response [28].

Plaintiff, Steve Tunget, is in the custody of the Illinois Department of Human Services (the "Department") at the Rushville Treatment & Detention Facility ("Rushville TDF") pursuant to the Sexually Violent Persons Commitment Act, 725 Ill. Comp. Stat. Ann. 207/1 et seq. (West 2007) (the "SVP Act"). Plaintiff alleges that his exposure to environmental tobacco smoke ("ETS") at the Rushville TDF is endangering his health and that the Defendants are deliberately indifferent to his serious medical need. Defendants move for summary judgment on the following grounds: First, there is insufficient evidence for a rational jury to find that Defendants were deliberately indifferent to Plaintiff's serious medical needs. Second, Defendants are entitled to qualified immunity. Third, there is no occasion to issue injunctive relief because smoking is no longer permitted at the Rushville TDF.

Standard

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Any discrepancies in the factual record should be evaluated in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

"Summary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events. *Johnson v. Cambridge Indus.*, Inc., 325 F.3d 892, 901 (7th Cir. 2000). A party opposing summary judgment bears the burden to respond, not simply by resting on its own pleading but by

1

"set[ting] out specific facts showing a genuine issue for trial." *See* Fed. R. Civ. P. 56(e). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "If [the nonmovant] does not [meet his burden], summary judgment should, if appropriate, be entered against [the nonmovant]." Fed. R. Civ. P. 56(e).

Affidavits must be based on the personal knowledge of the affiant and "set out *facts* that would be admissible in evidence." Fed. R. Civ. P. 56(e) (emphasis added). Personal knowledge may include inferences and opinions drawn from those facts. *Visser v. Packer Eng. Assoc., Inc.*, 924 F.2d 655, 659 (7th Cir. 1991). "But the inferences and opinions must be grounded in observation or other first-hand personal experience. They must not be based on flights of fancy, speculations, hunches, intuitions or rumors remote from that experience." *Visser*, 924 F.2d at 659.

## Undisputed Material Facts

1. Plaintiff alleges that second-hand smoke at the Rushville TDF caused him to experience stress, difficulty in breathing, watery eyes, itching, sneezing, and a sore throat. (Ct. Doc. #5, pp. 4-5; Defs.' Ex. C; Pl.'s Resp. to Defs.' Interrogs., ¶¶ 1 and 4, attached hereto.)
2. Plaintiff has resided in a non-smoking room since his transfer to the Rushville TDF on June 19, 2006. (Defs.' Ex. A; Williams Aff., ¶ 2, attached hereto.)
3. As of January 1, 2008, the Rushville TDF is a tobacco free facility. No smoking or chewing tobacco, lighters, or matches are allowed within the facility. Residents are not allowed to smoke or chew tobacco anywhere on facility grounds. (Defs.' Ex. A; Williams Aff., ¶ 3.)
4. Residents were permitted to smoke inside their rooms before January 1, 2008. Residents were also permitted to smoke in the outdoor common areas before implementation of the smoking ban. However, residents were not allowed to smoke in the indoor common areas during that time. (Defs.' Ex. A; Williams Aff., ¶ 4.)
5. Plaintiff was seen by medical doctors approximately 20 times from the time he transferred to the Rushville TDF until the smoking ban took effect. (Defs.' Ex. B; Bednarz Aff., ¶ 3, attached hereto.)
6. Plaintiff was seen by nursing staff approximately 11 times from the time he transferred to the Rushville TDF until the smoking ban took effect. (Defs.' Ex. B; Bednarz Aff., ¶ 4.)
7. Plaintiff's asthma is classified as "mild" in severity and is well-controlled. (Defs.' Ex. B; Bednarz Aff., ¶ 5.)

In his April 17, 2008 response [28] to the defendants' pending summary judgment motion the plaintiff stated he was treated with two different medications for smoke allergies and that his asthma medication use increased. However, the plaintiff did not support his statement with any documents that corroborated his assertions, for example his medical records. As the plaintiff proceeds pro se, the court entered a text order on November 18, 2008, allowing the plaintiff twenty-one days to provide medical records or other documentation to support his statements.

Then on December 9, 2008, the plaintiff filed a motion to received his medical records. The court denied the plaintiff's motion however because discovery closed on January 25, 2008. Further, in this motion to strike, the defendants advised the plaintiff and this court that he may access his medical records from a more convenient source. As a resident at the Rushville Treatment & Detention Facility, Plaintiff may request and receive copies of his medical records from the facility after signing a medical release form. the plaintiff had access to his medical records by requesting them. To this date, the plaintiff has not provided documents to corroborate his statement.

Arguments, Discussion and Conclusion of Law

The Defendants argue that there is insufficient evidence for a rational jury to find that the Defendants were deliberately indifferent to the Plaintiff's serious medical needs. Although Plaintiff's legal rights may spring from the Due Process Clause of the Fourteenth Amendment and not the Eighth Amendment by virtue of the civil nature of the SVP Act, the Seventh Circuit has repeatedly endorsed the application of the "deliberate indifference" standard to claims involving detainees and civilly committed individuals. *Brown v. Budz*, 398 F.3d 904, 910 (7th Cir. 2005); Palmer v. Marion County, 327 F.3d 588, 593 (7th Cir. 2003); *Butera v. Cottey*, 285 F.3d 601, 605 (7th Cir. 2002); *Collignon v. Milwaukee County*, 163 F.3d 982, 987-89 (7th Cir. 1998). Claims for deliberate indifference to a serious medical need contain both an objective and a subjective component. Under the objective component, plaintiffs must demonstrate that their medical need is "objectively, sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the need for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Under the subjective component, plaintiffs must demonstrate that officials acted with a "'sufficiently culpable state of mind.'" *Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). In other words, officials must act or fail to act despite their knowledge of a substantial risk of serious harm. *Jones v. Simek*, 193 F.3d 485, 490 (7th Cir. 1999). To prevail on a claim that his constitutional rights were violated by exposure to second hand smoke, a plaintiff must prove that he suffered serious health problems caused by the exposure. *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999). In Henderson, the Court of Appeals held that forcing an inmate to live amid smokers did not constitute a "substantial risk of serious injury" and that the injuries of which the inmate complained – breathing problems, chest pains, dizziness, sinus problems, headaches and a loss of energy – were, objectively speaking, relatively minor and not so serious as to satisfy the Eighth Amendment. *Henderson*, 196 F.3d at 844-46. Discomfort from the aggravation of asthma is not constitutionally actionable. *Id.*, citing *Oliver v. Deen*, 77 F.3d 156, 158-61 (7th Cir. 1996)(concluding at the summary judgment stage that an asthmatic prisoner failed to demonstrate that he had a serious medical need for a non-smoking environment even though his exposure to secondhand smoke aggravated his asthmatic condition causing him to suffer chest pains, difficulty in breathing, dizziness, nausea and other signs of discomfort).

There is insufficient evidence for a rational jury to find that Plaintiff's alleged injury from ETS exposure was objectively serious. Plaintiff's asthma is classified as "mild" in severity and is well-controlled. (Undisputed Material Fact No. 5.)  Plaintiff alleges that second-hand smoke at the Rushville TDF caused him to experience stress, difficulty in breathing, watery eyes, itching, sneezing, and a sore throat. (Undisputed Material Fact No. 1.)  These complaints are virtually identical to those deemed insufficient to demonstrate a serious medical need for a nonsmoking environment in *Henderson*.  Indeed, Plaintiff appears to rest solely upon warnings from the American Lung Association, newspapers, and television about the dangers of secondhand smoke, along with his father's apparent death from a smoking-related illness, to support his contention that his medical problems were sufficiently serious. (See Defs.' Ex. C; Pl.'s Resp. To Defs.' Interrogs., ¶ 2.)  Conspicuously absent from Plaintiff's complaint is any allegation that a physician ever recommended or ordered that he be removed from the allegedly smoky environment in which he was housed and placed in a non-smoking environment. Accordingly, the medical problems alleged by Plaintiff are not sufficiently serious to be constitutionally actionable.

Even if Plaintiff were able to prove that he suffered a sufficiently serious injury from his exposure to second-hand smoke at the Rushville TDF, he still must prove that the Defendants knew of a substantial risk of serious injury and failed to take measures to prevent that harm from occurring.  As of January 1, 2008, the Rushville TDF is a tobacco free facility. (Undisputed Material Fact No. 3.)  No smoking or chewing tobacco, lighters, or matches are allowed within the facility. (Undisputed Material Fact No. 3.)  Even before the smoking ban took effect, residents were not permitted to smoke in the indoor common areas and Plaintiff resided in a non-smoking room since his transfer to the Rushville TDF. (Undisputed Material Facts No. 2 and 4.)  Therefore, Plaintiff's only potential exposure to second-hand smoke was in the outdoor common areas and to the limited amount of smoke that managed to travel under Plaintiff's door. (See Undisputed Material Facts No. 2-4.)  The Eighth Amendment does not mandate the existence of a "maximally safe environment . . . completely free from pollution or safety hazards." Carroll v. DeTella, 255 F.3d 470, 472 (7th Cir. 2001) ("The Eighth Amendment does not require prisons to provide prisoners with more salubrious air, healthier food, or cleaner water than are enjoyed by substantial numbers of free Americans.")  Moreover, Plaintiff's medical needs were tended to by medical doctors and nursing staff. (Undisputed Material Facts No. 5-6.) Given that Plaintiff can only show exposure to a minimal amount of smoke for a limited period of time and that Plaintiff's medical needs were being tended to by medical professionals, there is insufficient evidence for a rational jury to find that Defendants acted with a sufficiently culpable state of mind.  Accordingly, Defendants are entitled to summary judgment.

As a final matter, despite his desire to be housed in a non-smoking housing unit, Plaintiff had no constitutionally enforceable right to live in his desired housing condition.  *See, eg., Meachum v. Fano*, 427 U.S. 215, 225 (1976)(holding that Constitution does not guarantee that prisoner will be placed in any particular prison); *Ramirez v. Turner*, 991 F.2d 353 (7th Cir. 1993) (administrative rules did not create liberty interest in inmate's being housed in environment less harsh than the particular prison he was at); *Williams v. Faulkner*, 827 F.2d 304, 309 (7th Cir.

1988)(prisoners have no constitutionally protected liberty interest in remaining in any particular wing of a prison); *Burr v. Duckworth*, 547 F.Supp. 192, 197 (N.D. Ind. 1982)("This Court's research has uncovered no case which has held that a prisoner has a constitutionally protected right, interest, or expectation to be transferred from one facility to another within a correctional system merely by requesting one.").

Based on the foregoing:

1. The defendants' summary judgment motion [25] is granted. The clerk of the court is directed to enter judgment in favor of the defendant and against the plaintiff. All pending motions are denied as moot, and this case is terminated, with the parties to bear their own costs.

2. If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal. Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another strike under 28 U.S.C. 1915(g).

Enter this 17th day of March 2009.

**s\Harold A. Baker**
_____
Harold A. Baker
United States District Judge